UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PINNACLE PIZZA COMPANY, INC., ) | CIV. 04-4170-KES |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DENYING |
| vs. ) | DEFENDANT'S MOTION TO |
| ) | TRANSFER VENUE |
| LITTLE CAESAR ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Pinnacle Pizza Company, Inc., sued defendant, Little Caesar Enterprises, Inc., (LCE) in the United States District Court for the District of South Dakota. Jurisdiction is based on diversity of citizenship. LCE moves to transfer venue to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). LCE's motion to transfer venue is denied.

**BACKGROUND**

James Fischer and Mike Nichols formed Pinnacle in 1991 to operate three Little Caesars franchises in Sioux Falls, South Dakota. Pinnacle entered into a franchise agreement with LCE, a Michigan corporation. The contract provides that "improvements or modifications in the Little Caesar System, franchise, trade secrets, or know-how licensed hereunder whether made by Little Caesar or by Franchise Owner . . . shall be and become the

sole property of Little Caesar . . . provided, however, that in no event shall advertising created by Franchise Owner be considered to be an 'improvement or modification in the Little Caesar System.'" Pl. Ex. 1 Par. V(F) at 7.  The advertising clause of the franchise agreement provides that "Little Caesar may not use the original advertising materials created by franchise owner without its prior written consent." Pl. Ex. 1 Par. XII(D) at 11.

Fischer alleges that he created the advertising slogan "Hot n' Ready" while returning from a Little Caesars franchisee convention in 1997. "Hot n' Ready" referred to a promotion that Fischer allegedly created, which offered a pre-cooked medium pepperoni pizza for $4.  Instead of waiting in the restaurant for the pizza to be cooked, or calling ahead to make sure that it would be ready when the customer arrived, the pizza was already cooked and ready to go when the customer entered Pinnacle's Little Caesars restaurants.

Pinnacle alleges that it began promoting "Hot n' Ready" pizzas in radio and newspaper advertisements on May 7, 1997.  Pinnacle added placards and traffic signs with the "Hot n' Ready" slogan to its ad campaign.  Pinnacle alleges that its sales increased dramatically on days it advertised "Hot n' Ready" pizzas.

Pinnacle alleges that LCE noticed the dramatic increase in sales at Pinnacle's franchises. Pinnacle alleges that LCE began advertising "Hot n' Ready" pizzas at LCE's restaurants without obtaining Pinnacle's permission, which violated Paragraph XII(D) of the franchise agreement. Pinnacle alleges that LCE eventually required all 2,500 of its franchises to advertise "Hot n' Ready" pizzas. As a result of the "Hot n' Ready" slogan, Little Caesars franchises have increased sales dramatically, while sales at other pizza chains have declined. Pinnacle alleges that LCE secretly attributes its growth in revenue to the "Hot n' Ready" slogan. In an effort to deceive its competitors and prevent them from imitating the campaign, LCE publicly reported that changes in its pizza recipe and new management techniques caused the increase in sales.

Pinnacle sued LCE for breach of contract, breach of its duty of good faith and fair dealing, conversion, misappropriation of an advertising idea, unjust enrichment, and imitation of trademark. Pinnacle is seeking a money judgment, punitive damages, a statutory penalty of $100 for each wrongful use of its trademark, costs and attorney's fees, and other relief the court deems fair and equitable. LCE filed a motion for judgment on the pleadings on all of Pinnacle's claims, except the breach of contract claim. LCE also moved to transfer venue to the Eastern District of Michigan,

pursuant to 28 U.S.C. 1404(a). The court will now address the motion to transfer venue.

## DISCUSSION

Under 28 U.S.C. § 1404(a), a civil action may be transferred to any other district where the suit might have been brought, if the transfer is in the interests of justice, or for the convenience of the parties or witnesses in the case. The purposes of venue transfer are "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (internal quotations omitted).

To transfer a civil action, a court must consider factors set out in § 1404(a), as well as other factors involving public or private interests. The statutory factors are: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interests of justice; and (4) whether the case could have been first brought in the proposed transferee forum. 28 U.S.C. § 1404(a). While no exhaustive list of factors exists, the district court is to make a case-by-case evaluation of the relevant facts. Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). See also Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 22 (1988). "Section 1404(a) is intended to place discretion in the district

4

court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Id. See also Terra, 119 F.3d at 691.

Federal courts give considerable deference to a plaintiff's choice of forum and the party seeking transfer bears the burden of proving that the transfer is warranted. Terra, 119 F.3d at 695. The plaintiff's choice should only be disturbed upon a clear showing that the balance of interests favors the movant's choice of venue. Anheuser-Busch v. City Merchandise, 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001). "Merely shifting the inconvenience from one side to another . . . is not a permissible justification for change of venue." Terra, 119 F.3d at 696-67.

**1.     Convenience of the Parties**

LCE contends that it would be more convenient for the parties if trial took place in Michigan. LCE alleges it will call 16 party witnesses to testify, all of whom live in Michigan. Pinnacle alleges that it will call at least seven party witnesses who are indispensable to its case and live in South Dakota. Because LCE's witnesses are employees of LCE, their location is less important than it would be if LCE had no control over its witnesses and would be required to subpoena them. See HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999). Furthermore, LCE is a much larger corporation than Pinnacle, and could more easily afford the costs of

5

litigating out of state. See Hoffman v. Minuteman Press, Int'l. Co., 747 F. Supp. 552, 559 (W.D. Mo. 1990) (denying 1404(a) motion partly because movant was a large corporation that could more easily afford the inconvenience of litigating in an out-of-state venue).

LCE argues that most of the documents relevant to the case are located in Michigan and that this factor weighs in favor of transferring venue for its convenience. The location of records is entitled to very little weight, especially where the parties can afford photocopying costs. 15 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice & Procedure § 3853 (2d ed. 1986). LCE, has not alleged that its documents or records are so voluminous that discovery or reproducing them for trial would be very difficult. It is also very likely that Pinnacle has documents and records located in South Dakota. Accordingly, the court finds that the convenience of parties factor weighs against granting the motion.

**2.    Convenience of Witnesses**

The court must consider more than the "sheer numbers of witnesses" to determine which party is favored by the convenience factor. Terra, 119 F.3d at 696. Witness convenience factors include the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony. Id. LCE contends that it has several franchise owner

6

witnesses who do not reside in either Michigan or South Dakota, and that it would be easier for them to travel to Michigan because it has a major airport with cheaper flights. Pinnacle argues that the cost issue is irrelevant to the convenience of witnesses because the parties will pay for their travel expenses anyway. Pinnacle also points out that its non-party witnesses all live in South Dakota and are therefore subject to compulsory process if the trial is in South Dakota. LCE's non-party witnesses are not subject to compulsory process in either Michigan or South Dakota. Because Pinnacle's non-party witnesses are subject to compulsory process in South Dakota, the court finds that this factor weighs against transferring venue. See Terra, 119 F.3d at 696.

### 3. Interests of Justice

With regard to the interests of justice, the court may consider (1) judicial economy; (2) the plaintiff's forum preference as manifested in the original choice; (3) the costs of litigating in each forum; (4) the enforceability of the judgment; (5) obstacles to a fair trial; (6) the public policies of the fora; and (7) the familiarity of the trial judge with the applicable state law in diversity cases. Terra, 119 F.3d at 696.

Judicial economy does not favor transferring venue. There is no other litigation related to the case pending in either venue. It is likely that the docket of the Eastern District of Michigan is busier than the South Dakota

District Court's docket.  The costs to litigate in either forum are similar and do not weigh in favor of either party's choice of venue.  LEC's counsel has appeared in South Dakota, and LEC has not shown that it would be too expensive to litigate in South Dakota.  LEC has not alleged that a judgment would be unenforceable if the case is tried in South Dakota, nor has it identified any obstacles to a fair trial in South Dakota.

Pinnacle contends that the public policy of South Dakota weighs against transferring venue because the South Dakota Franchise Act was designed to protect franchisees from abuse and overreaching.  See Bain v. Champlin Petroleum, 692 F.2d 43, 48 (8th Cir. 1982).  The Act voids some venue provisions in franchise agreements that locate venue out of state.  See SDCL 37-5A-51.1.  The Act articulates that the public policy of South Dakota favors the interests of franchisees in disputes over venue.  Thus, public policy considerations weigh against transferring venue.

As this court has determined by separate order, the law of Michigan applies to the breach of contract claim and the unjust enrichment claim.  The court found that South Dakota law applies to the claims for violation of South Dakota's franchise and trademark laws.  In diversity cases, federal district courts frequently apply the laws of different states.  Furthermore, the breach of contract issues are not complicated, so the applicability of Michigan contract law is not a significant concern.  See Scheidt v. Klein, 956

F.2d 963, 966 (10th Cir. 1992) (applicability of Florida law to a breach of contract case in Oklahoma is not a significant factor in venue transfer analysis). Thus, familiarity of the trial judge with the applicable state law does not favor either party.

     LCE contends that the alleged misappropriation of Pinnacle's slogan took place in Michigan. Venue is proper where a substantial part of the acts or omissions giving rise to the claim took place. 28 U.S.C. § 1391. See also Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995) (for purposes of venue, cause of action for Lanham Act trademark violation arose where trademark was damaged or alleged passing off took place). Because all of Pinnacle's claims relate to LCE's alleged misappropriation of its "Hot n' Ready" slogan, LCE alleges that the actions took place at LCE's corporate headquarters in the Eastern District of Michigan. Because a substantial part of the acts or omissions giving rise to these claims took place in Michigan, this factor weighs in favor of transferring venue.

     The plaintiff's choice of venue and the convenience of the witnesses are the most important factors, and they both weigh against transferring venue. Based on the above analysis, the court finds that convenience of the parties, the convenience of the witnesses, and the interests of justice are best served by denying the motion to transfer venue. Accordingly, it is hereby

ORDERED that defendant's motion to transfer venue (Docket 19) is denied.

Dated July 19, 2005

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE