UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
(Southern Division)

| | |
|---|---|
| PINNACLE PIZZA COMPANY, INC., <br>　　　　Plaintiff, <br><br>v. <br><br>LITTLE CAESAR ENTERPRISES, INC., ET AL., <br>　　　　Defendants. | Case No. Civ 04-4170 <br>Hon. Karen E. Schreier |

**DEFENDANTS' ANSWER AND COUNTERCLAIM
IN RESPONSE TO SECOND AMENDED COMPLAINT**

**ANSWER**

Defendants Little Caesar Enterprises, Inc. ("Little Caesar"), LC Trademarks, Inc. ("LC Trademarks") and Ilitch Holdings, Inc. ("IHI") (collectively "defendants") answer as follows:

1-4.　　Admit.

5.　　Deny that the matter in controversy exceeds $75,000, exclusive of interest and costs, admit that diversity of citizenship exists, and deny knowledge or information sufficient to form a belief as to the citizenship of plaintiff.

6.　　Admit that plaintiff alleges that this Court has jurisdiction as provided by 28 USC § 1332, and deny knowledge or information sufficient to form a belief as to the citizenship of plaintiff; and admit that plaintiff alleges that this Court also has jurisdiction as provided by 15 USC §§ 1064 and 1119.

7.　　Deny that a contract venue clause confers subject matter jurisdiction on this Court.

8. Admit that Little Caesar is in the business of selling pizza and other items through company owned and franchised stores in the United States and abroad. Deny the remaining allegations.

9. Admit, except deny that LC Trademarks is owned and/or controlled by IHI.

10-12. Deny.

13. Deny knowledge or information sufficient to form a belief as to the truth.

14. Admit, except further state that while the text of the agreement was written by defendants, plaintiff had an opportunity to negotiate the terms of the text.

15. Admit the franchise agreement gives plaintiff the right to own and operate one Little Caesar franchise in South Dakota in exchange for paying Little Caesar a franchise fee and other obligations in the agreement, and further admit that the franchise agreement includes the text quoted in paragraph 16 of the second amended complaint. Deny the remaining allegations.

16. Admit the franchise agreement contains the text quoted in the second amended complaint. Deny the remaining allegations.

17. Admit that Section V is captioned as alleged and includes, inter alia, certain provisions relating to ownership of marks and other items, and further admit that subpart F includes the quoted text. Deny the remaining allegations.

18. Admit that the franchise agreement contains the text quoted in the second amended complaint.

19. Admit the franchise owner has the exclusive power to price its offerings. Deny the remaining allegations.

20. Deny.

21. Deny knowledge or information sufficient to form a belief as to the truth.

22. Deny.

23-26. Deny knowledge or information sufficient to form a belief as to the truth.

27-29. Deny.

30. Admit Little Caesar did not seek written consent from plaintiff (as none was required) to use original advertising materials or advertising created by plaintiff to advertise $4 medium pepperoni pizzas as ready to pickup the moment a consumer entered a Little Caesar store (which is the description of plaintiff's advertising in the allegations of paragraph 20 of the second amended complaint), and deny that Little Caesar used plaintiff's original advertising materials or advertising created by plaintiff. Deny the remaining allegations.

31. Deny that any such authorization was contractually required, and deny that Little Caesar used plaintiff's original advertising materials or advertising created by plaintiff. Admit that Little Caesar and certain franchisees did, with some financial success, at various times test-market as part of the Little Caesar System an early version of Little Caesar's System concept of every day ready-for-pickup $5 large pizzas, which it called "HOT-N-READY."

32. Admit Little Caesar implemented as part of the Little Caesar System concept of every day ready-for-pickup $5 large pizzas in all of its corporate stores in 2002, with an earlier version in 2000. Deny the remaining allegations.

33. Deny that Little Caesar used plaintiff's original advertising materials or advertising created by plaintiff, admit that Little Caesar corporate stores experienced growth against its competition and growth in revenue and profits after using the Little Caesar System concept of every day ready-for-pickup $5 large pizzas. Deny the remaining allegations.

34. Deny that Little Caesar used or misappropriated plaintiff's original advertising materials or advertising created by plaintiff, admit Little Caesar implemented the Little Caesar

3

System concept of every day ready-for-pickup $5 large pizzas for its franchisees and that Little Caesar experienced growth in revenue and profits from royalty payments and other sources. Deny the remaining allegations.

35. Admit Little Caesar in 2002 and 2003 experienced franchise growth and corporate sales growth, admit Little Caesar released the growth rate set forth in the paragraph, and that Little Caesar believes it had higher growth than the competitors identified in this paragraph. Deny the remaining allegations.

36. Admit Little Caesar has publicly stated that changes in its ingredients, trade dress and manager certification program have contributed to sales growth, and admit that Little Caesar has told franchisees that the Little Caesar System concept of every day ready-for-pickup $5 large pizza, sold under the mark HOT-N-READY, has also contributed to sales growth. Deny the remaining allegations.

37. Deny that the mark HOT-N-READY belongs to plaintiff, deny that Little Caesar has used plaintiff's original advertising materials or advertising created by plaintiff, admit Little Caesar has made efforts to protect its trademark HOT-N-READY by filing an application to register the trademark under the Lanham Act and in other jurisdictions and has sent cease and desist letters to entities which use a mark likely to cause confusion, mistake or deception, and has identified the date of first use as May 6, 1997. Deny the remaining allegations.

38. Admit that on July 3, 2002 LC Trademarks at Little Caesar's direction filed a trademark application with the US PTO for the mark HOT-N-READY, admit the application contains the text quoted in the amended complaint, and admit the application states the date of first use is May 6, 1997. Deny the remaining allegations.

39. Admit that on September 30, 2003 LC Trademarks submitted supplemental information to the US PTO including the statement that as of September 2003, Little Caesar

4

estimated (because the files are not organized in a way to provide precise sales figures) that it sold more than 50 million pizzas using the Little Caesar System concept of every day ready for pickup $5 large pizzas, which it described under the restaurant services classification as HOT-N-READY.

40. Admit LC Trademarks maintained its application with the US PTO after this action commenced and that a registration was issued under the Lanham Act on December 20, 2005. Deny the remaining allegations.

41. Deny.

42. Admit that LC Trademarks and Little Caesar have attempted to register the mark HOT-N-READY in various countries. Deny the remaining allegations.

43. Admit that Little Caesar continues to use, and licenses use of, its mark HOT-N-READY, and deny the remaining allegations.

44-46. Deny.

### Count I

47. Adopt by reference the answers to the allegations adopted by reference.

48-49. Deny.

### Count II

50. Adopt by reference the answers to the allegations adopted by reference.

51. The allegations in this paragraph call for a conclusion of law, to which no response is required.

52–54. Deny.

### Count III

55. Adopt by reference the answers to the allegations adopted by reference.

56–59.   Plaintiff's allegations in this Count disregard the Court's September 12, 2006 Order and July 19, 2005 Order, which held that claims for conversion and misappropriation are preempted by copyright law. To the extent that any response to these paragraphs is required, defendants deny the allegations.

### Count IV

60.   Adopt by reference the answers to the allegations adopted by reference.

61–63.   Plaintiff's allegations in this Count disregard the Court's September 12, 2006 Order and July 19, 2005 Order, which held that claims for conversion and misappropriation are preempted by copyright law. To the extent that any response to these paragraphs is required, defendants deny the allegations.

### Count V

64.   Adopt by reference the answers to the allegations adopted by reference.

65–66.   Plaintiff's allegations in this Count disregard the Court's September 12, 2006 Order, which held that the claim for unjust enrichment is preempted by copyright law. To the extent that any response to these paragraphs is required, Defendants deny the allegations.

### Count VI

67.   Adopt by reference the answers to the allegations adopted by reference.

68.   The allegations in this paragraph state a legal conclusion to which no response is required.

69.   The allegations in this paragraph state a legal conclusion to which no response is required.

70.   Deny.

### Count VII

71. Adopt by reference the answers to the allegations adopted by reference.

72–73. Deny.

### Count VIII

74. Adopt by reference the answers to the allegations adopted by reference.

75–77. Deny.

78. The allegations in this paragraph state a legal conclusion to which no response is required.

79–80. Deny.

### **Affirmative and Other Defenses**

81. The second amended complaint fails to state any claims upon which relief can be granted.

82. Defendants deny plaintiff has sustained any damage, deny the nature and extent of damage (if any) and deny they caused plaintiff to sustain any damage.

83. Plaintiff, and others in privity with plaintiff, has released the claims asserted in the second amended complaint.

84. The claims are barred in whole or in part by the applicable statutes of limitation.

85. The claims are barred by the doctrine of estoppel by laches.

86. The claims are barred by the doctrines of consent, waiver, estoppel or acquiescence.

87. The claims are barred by the doctrine of unclean hands and other equitable defenses.

88. Defendants' actions were privileged.

89. The claims are barred in whole or in part by preemption of the federal copyright and/or patent laws.

90. The complaint should be dismissed and/or the action should be transferred on the basis of improper venue.

91. Applicable law does not permit the imposition of punitive damages.

92. Plaintiff has suffered no harm as a consequence of the allegations set forth in the second amended complaint.

93. Plaintiff is infringing defendants LC Trademarks and Little Caesar's trademark rights.

94. Plaintiff is barred by contract from attempting to exercise ownership rights over the HOT-N-READY trademark, concept, or any aspect of the Little Caesar System.

95. Plaintiff has breached its confidentiality obligations and other provisions of the franchise agreement.

96. Plaintiff is attempting to use the threat of a criminal penalty to gain a litigation advantage in a civil action.

97. Plaintiff has no protectible interest in the words or phrase "Hot n' Ready."

98. Plaintiff has no protectible interest in the idea of offering pizza as ready for pickup the moment a consumer enters a Little Caesar store.

99. Any right plaintiff alleges to have to "control the creative license" of "Hot n' Ready" advertising under contract is necessarily preempted by the federal copyright laws.

100. The claims against IHI are barred because IHI is an entirely separate and distinct entity, and there are no grounds upon which Plaintiff may pierce the corporate veil.

WHEREFORE, Defendants respectfully request that this Court:

    i.    Enter judgment on defendants' behalf on each of the counts in Pinnacle's second amended complaint;

    ii.    Dismiss the second amended complaint with prejudice,

    iii.    Award defendants their costs and their attorney fees, and

    iv.    Grant defendants such other and further relief as the court deems fair and equitable.

## **LITTLE CAESAR ENTERPRISES, INC.'S COUNTERCLAIM**

Defendant Little Caesar Enterprises, Inc. ("LCE") hereby asserts the following Counterclaim against Plaintiff Pinnacle Pizza Co., Inc. ("Pinnacle").

### Parties

1.    Pinnacle is a corporation organized under the laws of South Dakota with a principal place of business in Sioux Falls, South Dakota.

2.    LCE is a corporation organized under the laws of Michigan with a principal place of business in Detroit, Michigan.

### Background

3.    LCE is engaged in the business of operating and franchising distinctive styles of restaurants under the trade name "Little Caesar."

4.    Since 1991, Pinnacle has been a Little Caesar franchisee. Pinnacle currently operates Little Caesar stores in three Sioux Falls locations.

### Facts Concerning Pinnacle's Breach of Contract

5.    On or about June 7, 1991, Pinnacle and LCE entered into three (3) similar franchise agreements (collectively the "Franchise Agreement") which set forth the rights and obligations of the parties with respect to Pinnacle's operation of Little Caesar franchises. The

9

Franchise Agreement remains in effect today as the contractual arrangement between Pinnacle and LCE for the three (3) stores in Sioux Falls. A copy of one of the franchise agreements was attached as an exhibit to Pinnacle's Second Amended Complaint. The three (3) franchise agreements are in material respects identical to the franchise agreement attached to Pinnacle's Second Amended Complaint.

6. Pursuant to the terms of the Franchise Agreement, Pinnacle agreed to use trademarks, service marks, trade names and copyrights only in the manner and to the extent specifically provided for in the Franchise Agreement. See Franchise Agreement, § V Proprietary Marks and Inventions.

7. The Franchise Agreement defines LCE's "Proprietary Marks" as the "trademarks, service marks and trade names, presently existing or to be acquired in the future, in the operation of a restaurant or food service business in connection with products and services to which they are applied by Little Caesar." See Franchise Agreement, § V Proprietary Marks and Inventions.

8. Paragraph 2 of Section V of the Franchise Agreement contains the following provision, which specifically precludes Pinnacle from challenging the validity or ownership of LCE's "Proprietary Marks":

> Franchise Owner [Pinnacle] expressly covenants that during the term of this Agreement, and after the termination or expiration thereof, the Franchise Owner *shall not directly or indirectly contest or aid in contesting and/or consent to a third party contesting the validity or ownership of said proprietary marks*. (emphasis added).

9. Pursuant to the Franchise Agreement, Pinnacle further agreed and acknowledged that "any and all good will associated with said Proprietary Marks, including any goodwill which might be deemed to have arisen or to arise in the future through the activities of any Licensee of LITTLE CAESAR, inures directly and exclusively to the benefit of LITTLE CAESAR."

10

10. On December 20 2005, LCE, through its affiliate LC Trademarks, Inc., obtained federal registration of the mark "HOT-N-READY" from the United States Patent & Trademark Office.

11. Notwithstanding its agreement to not contest the validity of LCE's Proprietary Marks, Pinnacle filed a claim in this action seeking the Court's cancellation of LCE's registration in the mark "HOT-N-READY." See Second Amended Complaint.

### Counterclaim Count I – Declaratory Judgment

12. LCE incorporates by reference the allegations contained in paragraphs 1-11 of this Counterclaim as if fully set forth herein.

13. Pursuant to the Federal Declaratory Judgment Act, 28 USC § 2201, LCE seeks a determination of the parties' respective rights and obligations with regard to the Franchise Agreement.

14. An actual controversy has arisen between LCE and Pinnacle, as a result of Pinnacle's decision to challenge the validity of LCE's Proprietary Mark.

15. Pursuant to the Franchise Agreement, Pinnacle agreed to not challenge the validity or ownership of LCE's Proprietary Marks.

16. LCE contends that Pinnacle has breached the Franchise Agreement by filing a claim in this action to cancel LCE's federal registration of its Proprietary Mark, "HOT-N-READY."

17. LCE seeks a declaration that such action by Pinnacle to challenge the validity of LCE's Proprietary Mark is a breach by Pinnacle of the Franchise Agreement.

## Counterclaim Count II – Breach Of Contract

18. LCE incorporates by reference the allegations contained in paragraphs 1-17 of this Counterclaim as if fully set forth herein.

19. LCE and Pinnacle entered into a binding Franchise Agreement for the operation of Pinnacle's stores through LCE's franchising system.

20. Pinnacle breached the Franchise Agreement it has with LCE by filing a claim in this action in which it seeks cancellation of LCE's registration of the Proprietary Mark "HOT-N-READY."

21. LCE has been damaged as a direct and proximate result of Pinnacle's breach.

WHEREFORE, based on the foregoing, LCE respectfully requests that this Court:

   i.   Enter a declaration that Pinnacle's challenge to the validity and ownership of LCE's Proprietary Mark, "HOT-N-READY" is a breach of Pinnacle's contractual obligations.

   ii.  Enter judgment for LCE on its count for Breach of Contract;

   iii. Award LCE its damages, legal fees and costs arising out of this matter;

   iv.  Award LCE such other relief as this Court deems just and appropriate.

### JURY DEMAND

LCE hereby requests a trial by jury on its above counterclaim.

Dated this 16th day of October, 2006.

                               Defendants
                               By Their Attorneys,

                               By: _____/s/ *Lisa Hansen Marso*_____
                                            Filed Electronically
                               Thomas J. Welk
                               Lisa Hansen Marso
                               Boyce, Greenfield, Pashby & Welk, LLP
                               101 North Phillips Ave., Suite 600
                               P.O. Box 5015
                               Sioux Falls, SD  57117-5015

        Arthur L. Pressman (admitted *pro hac vice*)
        Jason C. Kravitz (admitted *pro hac vice*)
        NIXON PEABODY LLP
        100 Summer Street
        Boston, MA  02110
        617-345-1000
        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Lisa Hansen Marso, hereby certify that I am a member of the law firm of Boyce, Greenfield, Pashby & Welk, L.L.P. and that on the 16th day of October, 2006, I electronically filed the foregoing Defendants' Answer to Second Amended Complaint with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filings to the following attorneys:

Steven W. Sanford
Steven C. Landon
Shawn M. Nichols
Cadwell, Sanford, Deibert & Garry
200 East 10th Street
Sioux Falls, SD 57104

        /s/ *Lisa Hansen Marso*
        Filed Electronically