UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
(Southern Division)

| | |
|---|---|
| PINNACLE PIZZA COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> LITTLE CAESAR ENTERPRISES, INC., et al., <br><br> Defendants. | Case No. Civ 04-4170 <br> Hon. Karen E. Schreier <br><br> **LITTLE CAESAR ENTERPRISES' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS COUNTERCLAIM** |

Little Caesar Enterprises, Inc. ("LCE") moved for partial summary judgment on its counterclaim. Dkt 241-244. Pinnacle Pizza Company, Inc. ("Pinnacle") filed an opposing brief. Dkt 250. This LCE reply brief responds to Pinnacle's brief.

LCE's moving papers explained the following – (a) Pinnacle breached the no contest clause in the franchise agreement by (unsuccessfully) challenging LCE's ownership rights in HOT-N-READY ("HNR"); (b) LCE incurred substantial attorney fees responding to Pinnacle's challenge; (c) damages for contract breach include attorney fees when allowed by, *inter alia*, the parties' contract or a common law exception to the general rule against recovering attorney fees; and (d) the contract indemnification provision and a common law principle provide for attorney fees.

**Damages Are Not an Essential**
**Element of a Breach of Contract**

Pinnacle initially argues that if LCE is not entitled to attorney fees, its breach of contract counterclaim must be dismissed. Pinnacle's argument ignores LCE's other money damages (court costs, expert fees, litigation expenses other than attorney fees), and is based on the erroneous assumption that damages are an essential element of a breach of contract claim under Michigan law. Eg, *Kolton v. Nassar*, 99 N.W.2d 362, 364-5 (Mich. 1953)(stating that "plaintiff became entitled to nominal damages on account

of defendants' breach …"); *Litvin v. Joyce*, 44 N.W.2d 867, 868-69 (Mich. 1950)(trial court erred in instructing jury to enter no cause of action if plaintiff failed to prove its damages for breach of contract because plaintiff was entitled to verdict for nominal damages as a matter of law); *Vandenberg v. Slagh*, 114 N.W. 72, 75 (Mich. 1907)(plaintiff proving breach automatically entitled to nominal damages but substantial damages must be proved with "reasonable certainty" to be recovered).  Moreover, in requesting dismissal, Pinnacle also ignores that LCE's counterclaim requests a "declaration of default," based on Pinnacle's wrongful challenge of HNR.  Under the parties' franchise agreement, such a declaration could potentially trigger other consequences, short of termination, including loss of territorial exclusivity (section II.B.) or renewal rights (section XVI.C.), or provide LCE with a basis to refuse consent to transfer (Section XVIII.F.3.). See Dkt 244-2.  Under any scenario, LCE is entitled to those bargained-for rights.

**Pinnacle's Defense That LCE**
**Failed to Plead Indemnification Fails**

Pinnacle conceded (as it must) that the court ruled Pinnacle does not have rights to HNR.  Pinnacle also concedes that the LCE counterclaim is based on breach of contract. Dkt 250 p4.  Pinnacle claims that the LCE pleadings do not suggest the claim is based on the indemnification provision. *Id*.

After correctly stating that Michigan law applies to LCE's breach of contract claim (*Id* p2), Pinnacle incorrectly cites Michigan law for the procedural pleading issue. Federal law governs the procedural issue. *Kampa v. White Consol. Indus., Inc.,* 115 F.3d 585, 587 (8th Cir. 1997).

Pinnacle is wrong for several reasons.  First, LCE was not required to expressly plead the indemnification provision because the provision is a remedy for Pinnacle's breach of contract, and remedies do not have to be pled. See Fed.R.Civ.P. 54(c)("Every … final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").

Second, LCE satisfied the liberal pleading requirements of Fed.R.Civ.P. 8(a).  The

2

counterclaim clearly identifies breach of contract as the basis of the claim and legal fees are specifically requested in the prayer for relief. That alone is sufficient notice. In addition, in the counterclaim, LCE expressly referenced the franchise agreement as an exhibit to Pinnacle's complaint. Dkt 106 p9 ¶5. Fed.R.Civ.P. 10(c) provides that a document which is an exhibit to a pleading is a part of the pleadings for all purposes. This court should deem the extended reference as the functional equivalent of LCE attaching the agreement, which is already in the pleadings, making the entire agreement and the indemnification clause a part of the counterclaim. Fed.R.Civ.P. 8(e) provides that pleadings shall be "construed so as to do justice."

Third, if the court concludes the claim is not sufficiently pled, the court should grant LCE leave to amend.[1]

> Leave to amend under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" [citations omitted] Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown.

*Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840-41 (8th Cir. 2004). The burden of proof of prejudice is on the party opposing the amendment. *Roberson* v. *Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001).

The Eighth Circuit on numerous occasions has reversed a denial of leave to amend as an abuse of discretion. Eg, *Id.* at 996. (the city already had the bulk of the evidence needed); *Dennis* v. *Dillard Department Stores, Inc.*, 207 F.3d 523, 526 (8th Cir. 2000) (ample time for any limited new discovery needed); *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (facts were known or generally available to both sides). Where more discovery is needed at a late time in the lawsuit, denial may sometimes be appropriate. Eg., *Bediako, supra*. No discovery is needed here.

---

[1] LCE believes the appropriate course could be to deem the counterclaim amended. Alternatively, the court could stay LCE's summary judgment motion while LCE files a formal motion to amend.

Fourth, Pinnacle relies on the South Dakota Franchise Act unfair and inequitable practices provision as an affirmative defense to the counterclaim. Dkt 239 p5,7. Yet Pinnacle did not plead this affirmative defense. Dkt 127. Pinnacle also relies on "good faith," which should also be pled and was not. Just as Pinnacle's failure to plead these defenses should not impact their potential applicability (they are not applicable, but not because they were not pled), no claim that LCE did not plead the indemnification clause should affect its application.

Fifth, the Michigan procedural decision on which Pinnacle relies is inapposite. *Pro-Staffers, Inc. v. Premier Mfg. Support Services, Inc.,* 651 N.W.2d 811, 817-18 (Mich. App. 2002). The court there held that the issue was not preserved for appellate review, a different point. Moreover, as discussed above, procedure is an issue of federal law.

**The Franchise Agreement
Provides for Attorney Fees
<u>on the Counterclaim</u>**

LCE's main brief explained that the indemnification provision is very broad, applying to "attorneys fees" LCE may incur "as a result of claims … of any kind or nature, by anyone whomsoever." The brief cited applicable principles of contract interpretation under Michigan law. Dkt 242 p9-10.

One Michigan decision applied a similar indemnity clause to a breach between the contracting parties, not involving a third party claim. *Rosati Masonry*, 1998 WL 2016520 (Mich. App.)(unpublished), cited in Dkt 242 p10.

Pinnacle's brief agrees that Michigan contract law applies to the indemnity provision, Dkt 250 p2, but inexplicably does not discuss any of LCE's Michigan contract interpretation authorities. Instead, Pinnacle relies on two other Michigan decisions which do not affect the result LCE seeks. Dkt 250 p5, 7-8. Pinnacle cited one for the general proposition that a contract should be interpreted to avoid an absurd result. *Miller v. Van Kampen*, 397 N.W.2d 253 (Mich. App. 1986). Pinnacle argues that if Pinnacle won, and if LCE then sought attorney fees, the result would be absurd. Perhaps, but Pinnacle's claimed absurdity is precisely the opposite of what occurred here. LCE rebuffed

4

Pinnacle's "obvious breach" of the franchise agreement and incurred attorney fees in doing so. Had Pinnacle sued LCE for some other claim that was not in breach of its agreement not to do so, LCE would not claim attorney fees merely because it won on Pinnacle's claims. Pinnacle's hypothetical absurdity is irrelevant, because the result LCE seeks is not absurd.

Pinnacle's other cited Michigan authority (Dkt 250 p7) is also inapposite. *Ray D. Baker Contractor, Inc. v. Chris Nelson & Sons, Inc.*, 136 N.W.2d 771 (Mich. App. 1965). The court there held the breaching party could not avoid its own liability by relying on the indemnity clause. The court also construed the indemnity provision against the drafter. In dicta, the court noted that no Michigan opinion applied an indemnity outside of a third party context. This opinion preceded *Rosati Masonry*, *supra* by 33 years. Other Michigan courts also have enforced indemnity clauses between the parties to them. See *Klann v. Hess Cartage Co.*, 214 N.W.2d 63 (Mich. App. 1973)(lessor of vehicle could not recover from lessee for destruction of vehicle because indemnity clause in lease protected lessee from liability for damages to the vehicle). Moreover, the court relied on rules of interpretation that have no force today. The current rule is that unambiguous indemnity contracts, like other contracts, are interpreted by the language used by the parties. *Zurich Ins. Co. v CCR and Co.*, 576 N.W.2d 392, 395-6 (Mich. App. 1994). Construction against the drafter is improper unless a contract is ambiguous and then only as a last resort after all other methods of resolving the ambiguity have failed, including the admission of extrinsic evidence. *Klapp v. United Ins. Group Agency, Inc.*, 663 N.W.2d 447, 454-5 (Mich. 2003); See Dkt 242 p9n5.

Pinnacle cites three contract interpretation decisions applying the law of other jurisdictions. Dkt 250 p6-7, 8. One decision limited the indemnification clause to a specific liability (loss of registration exemption) based on the specific text of the contract clause. *Layman v. Combs*, 994 F.2d 1344, 1351 (9th Cir. 1992). Another found an ambiguity, making summary judgment improper. *Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Assoc., Inc.*, 2005 WL 1394838, **3 (3rd Cir. 2005). The court observed that "hold harmless" normally applies to expenses caused by a third party. *Id*.

However, as noted above, Michigan applied a clause with "hold harmless" to contracting parties in *Rosati Masonry*. Pinnacle also cited a South Dakota decision (*Icehouse*) which relied on *Ray D. Baker*, *supra,* and is simply inconsistent with current Michigan law.

**The Common Law Provides
for Attorney Fees for Breach
of a No Contest Clause**

LCE relies on the indemnification provision as a remedy for breach of the no contest provision. As an alternative ground, LCE argued that a common-law exception to the "American Rule" allowed attorney fees for breach of a no-contest provision, without considering the indemnification provision. Dkt 242 p10-11. Michigan courts have not directly ruled on this point and LCE cited opinions from other jurisdictions.

Pinnacle cited opinions from other jurisdictions which would provide for attorney fees as a remedy for breach of a no contest clause or release, but only on a finding of bad faith. In *Artvale, Inc. v. Rugby Fabrics Corp.*, 363 F.2d 1002 (2nd Cir. 1966) [2], one of the cases Pinnacle cites, the Court did not limit attorney fees as a remedy for a covenant not to sue to "bad faith" – it also carved out "suits brought in obvious breach" (*Id.* at 1008), a description that aptly applies to Pinnacle's challenge to the clear reading of section XII.D. of the franchise agreement. To the extent this court finds these decisions more persuasive, LCE already explained, in response to Pinnacle's counter motion, that a genuine issue of fact exists that Pinnacle acted in bad faith. Dkt 247 p2. No issue of fact, however, remains as to the "obvious[ness]" of Pinnacle's breach, given the Court's holding that Section XII.D. admits of but one reading. Dkt 222 p27-8, 30-1.

Pinnacle misstates Michigan law in this section of its brief. Dkt 250 p12. Pinnacle states: "Michigan law confirms that attorney fees are not recoverable absent express reference within the contract," citing *Grace v. Grace*, 655 N.W.2d 595 (Mich. App. 2002). The *Grace* opinion actually stated: "<u>Generally,</u> attorney fees are not recoverable … <u>unless expressly allowed by statute, court rule, or common-law exception,</u> or where provided by contract." *Id.* at 603 (emphasis added). Pinnacle also intentionally

---

[2] In its own motion, Pinnacle relied on the district court opinion in this lawsuit.

deleted the words "as a general rule" preceding the block letter text quoted from another opinion, attempting more rigidity than the opinion's text permits. Dkt 250 p12 (quoting from *Fleet Bus. Credit v. Krapohl Ford Lincoln Mercury Co.*, 735 N.W.2d 655 (Mich. App. 2007)).

## **Conclusion**

For the reasons stated here and in LCE's main brief, LCE requests that the court grant its motion for partial summary judgment on its counterclaim.

Dated: October 13, 2008            /s/   Lisa Hansen Marso
                                   Filed Electronically
                                   Thomas J. Welk
                                   Lisa Hansen Marso
                                   BOYCE, GREENFIELD, PASHBY & WELK, LLP
                                   101 North Phillips Ave., Suite 600
                                   Sioux Falls, SD  57117-5015
                                   605-336-2424

                                   Arthur L. Pressman (admitted pro hac vice)
                                   Jason C. Kravitz (admitted pro hac vice)
                                   NIXON PEABODY LLP
                                   100 Summer Street
                                   Boston, MA  02110
                                   Attorneys for Defendants