UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PINNACLE PIZZA CO., INC., ) | CIV. 04-4170-KES |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTION FOR RULE 54(B) |
| LITTLE CAESAR ENTERPRISES, INC., ) | CERTIFICATION |
| a Michigan corporation; ) | |
| LC TRADEMARKS, INC., ) | |
| a Michigan corporation; and ) | |
| ILITCH HOLDINGS INC., ) | |
| a Michigan corporation, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Pinnacle Pizza Co., Inc. (Pinnacle), moves the court to certify the court's order granting summary judgment on all of Pinnacle's claims (Docket 222) as a final appealable judgment under Fed. R. Civ. P. 54(b). Docket 235. Defendants, Little Caesar Enterprises, Inc., LC Trademarks, Inc., and Ilitch Holdings, Inc. (LCE), oppose the motion.

## BACKGROUND

Pinnacle's motion for Rule 54(b) certification arises out of a dispute between Pinnacle, a Little Caesars franchisee, and LCE, the Little Caesars franchisor, over the use and ownership of the "Hot N' Ready" concept.[1]

---

[1] The "Hot N' Ready" concept guarantees customers that they can buy a certain pizza at a certain price within a certain amount of time after entering a Little Caesars store.

Pinnacle sued LCE, alleging that LCE did not have rights in the "Hot N' Ready" concept and that its actions in using the concept in Little Caesars stores across the United States constituted breach of the parties' franchise agreements, violation of the South Dakota Franchise Act, breach of fiduciary duty and confidential relationship, and violation of South Dakota trademark law. Pinnacle also sought cancellation of LCE's registered service mark in "Hot N' Ready." LCE counterclaimed, alleging that Pinnacle breached the sections of the franchise agreements in which Pinnacle covenanted not to contest the validity or ownership of LCE's proprietary marks. In an order dated June 5, 2008, the court granted summary judgment in favor of LCE on all of Pinnacle's claims. Pending before the court are Pinnacle's and LCE's cross motions for summary judgment on LCE's counterclaim.

## DISCUSSION

Rule 54(b) provides in relevant part,

> [w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim— . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). "In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." McAdams v. McCord, 533 F.3d 924, 928 (8th Cir. 2008) (quoting

Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993)). "Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. (quoting Hayden v. McDonald, 719 F.2d 266, 268 (8th Cir. 1983)).

A similarity of legal or factual issues weighs heavily against certification. Hayden, 719 F.2d at 270. "Judicial economy will be best preserved by delaying appeal until all issues can be confronted by [the appeals] court in a unified package. Such a course is particularly desirable where . . . the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." McAdams, 533 F.3d at 928.

Here, the equities of the situation and the interest in preventing piecemeal appeals weigh against finding that there is no just reason for delay. The adjudicated claims—all of Pinnacle's claims against LCE—and the unadjudicated claim—LCE's breach of contract counterclaim—share factual and legal issues. Pinnacle's claims required the court to interpret the parties' franchise agreements. Specifically, the court had to interpret Sections V and XII to determine whether Pinnacle had rights to the "Hot N' Ready" concept. Similarly, in evaluating LCE's counterclaim that Pinnacle breached the covenant not to sue clause in Section V.A.2, the court will have to determine whether the "Hot N' Ready" concept was a proprietary mark within the meaning of Section V. Pinnacle's claims and LCE's unadjudicated

counterclaim arise out of the same factual allegations, involve the same parties, and raise similar legal issues regarding interpretation of the franchise agreements.[2] The Eighth Circuit has found that a strong relationship between the adjudicated and unadjudicated claims is sufficient to deny certification under Rule 54(b). Hayden, 719 F.2d at 269-70. "[T]his case deals with essentially one set of facts, with which [the appeals] court would need to refamiliarize itself on subsequent appeals[,] . . . [weighing] heavily against entry of judgment under [Rule 54(b)]." Id.

In addition to the interest in judicial economy, the equities of the situation lean toward denying certification. Pinnacle has not shown a danger of hardship or injustice through delay that can only be alleviated by immediate appeal. Pinnacle asserts that LCE would not be prejudiced by an entry of final judgment under Rule 54(b), but this unsupported assertion does not prove that delay would impose hardship or injustice on Pinnacle. Pinnacle argues, "LCE's suggestion that Pinnacle cannot show any danger of hardship or injustice through delay misses the mark. This case has now been pending for over four years. Discovery has long been completed, and interests of justice

---

[2] As LCE points out, Pinnacle's own filings show that the adjudicated claims and the unadjudicated counterclaim arise out of the same factual allegations. Rather than submit a new statement of material facts in support of its motion for summary judgment on LCE's counterclaim, Pinnacle incorporated by reference its statement of undisputed material facts from the motions underlying the court's order granting summary judgment on Pinnacle's claims. Docket 238 (incorporating by reference Docket 184).

would clearly be served by allowing Pinnacle to pursue its appeal as promptly as possible." Docket 253, at 2. Even if Pinnacle's strategy of piecemeal appeals would expedite the resolution of this case, a contention that is at odds with the reasoning of Eighth Circuit cases, Pinnacle still has not shown that waiting for a final appealable judgment imposes hardship or injustice. Pinnacle has taken steps to resolve the case completely in this court, through filing its cross motion for summary judgment on Pinnacle's counterclaim. There is no indication that Pinnacle faces hardship or injustice that necessitates immediate appeal.

The equities of the situation and judicial administrative interests in preventing piecemeal appeals weigh toward denying certification under Rule 54(b). The court cannot find that there is no just reason for delay.

Based on the foregoing, it is hereby

ORDERED that Pinnacle's motion for Rule 54(b) certification (Docket 235) is denied.

Dated December 2, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE