UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PINNACLE PIZZA COMPANY, INC. | |
| Plaintiff | |
| v. | TAXATION OF COSTS |
| | CIV 04-4170 |
| LITTLE CAESAR ENTERPRISES, INC., et al, | |
| Defendants | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On July 3, 2008, the defendants filed a Bill of Costs. On July 18, 2008, the plaintiff filed Objections to the Bill of Costs arguing, in addition to specific objections, that the award of costs was premature because the court had not yet entered judgment in this case. On July 23, 2008, the parties filed a Motion and Stipulation to Stay Taxation of Costs in which they agreed to delay the award of costs until "either a further motion or stipulation of the parties or the entry of a Final Judgment, whichever first occurs." On July 23, 2008, the Court granted the motion to stay the taxation of costs. On December 3, 2008, judgment was entered in favor of the defendants; Little Caesar Enterprises, Inc., Illitch Holdings, Inc. And LC Trademarks, Inc., and against the plaintiff, Pinnacle Pizza Company, Inc. The judgment also awarded the defendants nominal damages on their counterclaim. On December 17, 2008, the parties filed a stipulation under which the Clerk would award $11,092.85 for expert costs and consider the remainder of the requested costs based on the defendants' Bill of Costs and the plaintiff's objections.

The defendants have requested a total of $25,908.82 under the category of court reporter and videotape deposition expenses. The Clerk awards deposition expenses when those expenses were reasonable when viewed in light of the circumstances that existed at the time the expenses were incurred. The plaintiff has not questioned the necessity of any of the depositions but has objected to the expenses of converting VHS tapes to DVD, the production of e-transcripts of depositions and the expedited delivery of two depositions. The Clerk finds that while these extra charges were beneficial to counsel they are not reasonably necessary and are not allowable expenses under the provisions of 28 U.S.C. § 1920.

The defendants have requested a total of $20,659.00 in Exhibit B for Fees for copies of papers necessarily obtained for use in the case. This includes a $15,635.00 expense for a computer forensic examination that the defendants assert was required to comply with the plaintiff's demands for production of documents. The request also includes $5,024 paid for copies of 19,134 documents produced. Absent exceptional circumstances, the Clerk does not award discovery expenses as costs under 28 U.S.C. § 1920. The Clerk finds no exceptional circumstances to exist in this case and declines to award the requested costs.

The defendants have requested $22,029.26 in Exhibit C for expenses paid to experts for their deposition testimony. The Clerk finds that the fees paid to expert witnesses are not allowable as costs within the provisions of 28 U.S.C. § 1920. The parties have entered into an agreement regarding reimbursement for these expenses and that agreement may be enforced outside the scope of this Bill of Costs.

Costs are hereby taxed in favor of the defendants; Little Caesar Enterprises, Inc., Illitch Holdings, Inc. And LC Trademarks, Inc., and against the plaintiff, Pinnacle Pizza Company, Inc. in the amount of $23,862.22.

Dated this 16th day of January, 2009.

/S/
Filed Electronically
JOSEPH A. HAAS
CLERK, U.S. DISTRICT COURT